IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL TERRANCE DALCO, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv60 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Movant Michael Terrance Dalco, Jr., proceeding *pro se*, brings this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Factual Background and Prior Proceedings

In 2004, a federal grand jury returned a multi-count indictment against movant and a co-defendant. Pursuant to a written plea agreement, movant pled guilty to the charge contained in Count 3 of the indictment, possession of more than 5, but less than 50, grams of cocaine base with the intent to distribute. He was sentenced to 121 months imprisonment. Movant did not appeal his conviction or sentence.

Grounds for Review

Movant asserts he received ineffective assistance of counsel because counsel: (a) did not inform him that the government filed a Notice of Sentencing Enhanceent minutes before movant

1

entered his plea of guilty which increased his mandatory minimum sentence to 10 years imprisonment; (b) instructed him not to object to the Notice on the basis of the government having failed to provide the required 10 day notice of enhancement and (c) failed to object to the use of a prior simple assault conviction against him in connection with sentencing.

## Analysis

The eighth paragraph of movant's written plea agreement provides as follows:

> Except as otherwise provided in this agreement, the Defendant expressly waives the right to appeal his sentence on all grounds, including an appeal of sentencing pursuant to 18 U.S.C. § 3742.  The Defendant further agrees not to contest his sentence in any post conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255.  The Defendant, however, reserves the right to appeal the following:  (a) any punishment imposed in excess of the statutory maximum; (b) any upward departure from the guideline range deemed most applicable by the sentencing court; (c) arithmetic errors in the guidelines calculations; and (d) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.  The Defendant knowingly and voluntarily waives any right to appeal in exchange for the concessions  made by the Government in this agreement and with full  understanding that the Court has not determined his sentence.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994); *United*

*States v. Melancon*, 972 F.2d 566 (5th Cir. 1992). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue. *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994).

In this case, movant does not contend that he did not read or understand the portion of his plea agreement relating to the waiver of his right to appeal. Nor does he contend he raised any questions regarding the waiver-of-appeal provision of the plea agreement. Accordingly, the waiver-of-appeal provision should be upheld. Movant's second and third grounds for review clearly fall within the waiver-of-appeal provision and are therefore not cognizable in this proceeding.

In his first ground for review, however, movant asserts that because his counsel was allegedly ineffective by not notifying him of the sentencing enhancement notice, his plea of guilty was, in effect, involuntary and therefore invalid. In *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002), the United States Court of Appeals for the Fifth Circuit stated that while a knowing and voluntary waiver normally applies to a ground for review based upon ineffective assistance of counsel, such a waiver does not apply to an ineffective assistance of counsel

claim "when the claimed assistance directly affected the validity of that waiver or the plea itself."

In this case, however, movant cannot demonstrate his plea of guilty was involuntary.  As stated above, under the original indictment, the charge movant pled guilty to required a minimum sentence of 5 years imprisonment.  Under the enhancement notice, the mandatory minimum sentence increased to 10 years.  Movant states his counsel failed to inform him of this increase.  However, even if this is accepted as true, movant had notice of the increase.  The second paragraph of the plea agreement stated movant was subject to a term of imprisonment of not less than 10 years, nor more than life.  In addition, during the guilty plea hearing, the court informed movant on at least two occasions, that his sentence could no less than 10 years imprisonment.  For example, page 9 of the transcript of the guilty plea hearing contains the following exchange:

> THE COURT:  And, again, do you understand just absolutely and completely that if you plead guilty to this offense, you could be sentenced to a term of imprisonment of not less than ten years nor more than life, a fine not to exceed $4 million or both, that term of supervised release that we talked about of at least eight years but not more than life, and again a hundred-dollar special assessment?  Do you fully understand that?
>
> THE DEFENDANT:  I do.

4

    THE COURT: Do you have any questions concerning the punishment?

    THE DEFENDANT: No, sir.

The transcript of the plea hearing makes clear that movant was informed he was subject to a mandatory minimum sentence of 10 years as a result of his guilty plea. As a result, any assertion that movant's plea was involuntary based upon ignorance of the minimum sentence is without merit.[1]

### Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence is without merit and is therefore denied. An appropriate Final Judgment shall be entered.

**SIGNED** this the 7 day of **July, 2008.**

_____
Thad Heartfield
United States District Judge

---

[1] In addition, movant's mandatory minimum sentence had no effect on the sentence he ultimately received. The court determined his range under the United States Sentencing Guidelines to be 121-151 months and sentenced him to the low end of the range, 121 months. As a result, movant would have received the same sentence even if the minimum sentence permitted by statute was 5 years imprisonment.